CAUSE NO: 1019097

| DARRELL GARNER, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| vs | § | AT LAW NUMBER FOUR (4) |
| | § | |
| HOUSTON HOUSING AUTHORITY, | § | |
| DEFENDANT | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

### A. Discovery-Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure..

### B. Parties

2. Plaintiff, Darrell Garner, is a citizen of the State of Texas residing in Houston, Harris County, Texas.

3. Defendant, Houston Housing Authority, is a locally established and administered public body situated in Houston, Texas.

### C. Jurisdiction

4. The court has jurisdiction over the lawsuit because the suit arises under Section 8 of the Housing Act of 1937, 42 U.S.C. §1437f.

### D. Venue

5. Venue is proper in Harris County, Texas as the transactions giving rise to the claims occurred in Harris County.

1

EXHIBIT 3

## E. Statutory Background

6. Congress enacted the Section 8 Housing Choice Voucher Program ("HCVP") in 1983. Under the HCVP, the Houston Housing Authority ("HHA") signs an annual contributions contract with the United States Department of Housing and Urban Development ("HUD"). The contract authorizes HHA to enter into contracts with participating landlords to provide housing assistance payments on behalf of qualified low-income families such as the plaintiff.

7. An eligible family obtains a voucher from HHA, locates a rental unit in the private market that meets size and other criteria set by HHA, and requests lease approval from HHA. If the lease is approved, the family signs a lease with the private owner. The owner and HHA enter into a Housing Assistance Payments Contract ("HAP").

8. The participant family pays a percentage of their adjusted monthly income to the unit owner as the total tenant payment. HHA, pursuant to the HAP contract with the owner, pays on behalf of the tenant the difference between the tenant payment and the fair market rent.

9. Participants, such as the plaintiff, have a property interest in their voucher and an entitlement to continued participation in the HCVP. Their participation can be terminated only if they violate certain family obligations as set forth in the governing regulations. HUD disseminates guidebooks and circulars providing guidance for housing authorities as to the interpretation and implementation of the regulations. Participants in the HCVP program are entitled to notice and an opportunity for an informal hearing, including due process protections, on any decision by the housing authority to terminate assistance.

## F. Factual Background

10. Plaintiff, Darrell Garner, was a participant in the Section 8 Housing Choice Voucher Program administered by the Houston Housing Authority. Garner shared custody of his four daughters with his ex-wife who lives in the Dallas area. Garner's ex-wife is the primary caretaker for three of the girls, except for Britney, who resided with her father as a member of his household. The other three daughters, however, visited frequently during weekends, holidays and during an extended period during the summer.

11. Sometime in or around October 2008, with a view to accommodating all of his daughters more comfortably during their frequent visits, and in an effort to stay in compliance with HHA regulations regarding appropriate unit size, Garner requested a voucher for a larger unit. Garner was led to believe that this would be acceptable. Thereupon, and without Garner's knowledge, the remaining three daughters were added to his family composition, ostensibly by his housing specialist at HHA, Ms. Prado. Garner did not become aware of this fact until his 2009 recertification appointment, on or about September 29, 2009.

12. Having for the first time been made aware of the discrepancy in his family composition, Garner removed two of this daughters, Ashley and Alaxis, from the family composition. Garner was under the impression that April intended to move to Houston and reside with him permanently, so, for purposes of the voucher, April remained as a member of the household along with Garner and Britney. In connection with Garner's recertification, HHA sought school records for both Britney and April in order to establish their residency, and instructed Garner to produce the requested documents before November 23, 2009. Garner was only able to produce the requested records for Britney. Nevertheless, HHA allowed April to remain as a member of the household, and issued to Garner a move voucher for a two-bedroom unit with an effective date of November 13, 2009.

3

13. April, however, remained indecisive in regards to the move, and ultimately decided not to move in with her father and sister, opting instead to remain in Dallas with her mother. On or about December 30, 2009, HHA, as reported by hearing officer Luenda Da Silva in her report from the informal pre-termination hearing, "received information" "that April Garner left the assisted unit" and "that the name April Garner also appear[ed] on another [subsidized] household in Texas in 2009." Despite HHA's position, as outlined in the Authority's own *Administrative Plan for Section 8 Housing Programs* that "HHA anticipates that the vast majority of families . . . intend to and will comply with program requirements and make reasonable efforts to avoid errors," and that "HHA will employ a variety of techniques to ensure that both errors and intentional program abuse are rare," HHA made no attempt to contact Garner to seek clarification of the matter or to ascertain the facts surrounding the situation, but instead issued a "Notice of Termination of Assistance" to Garner the very next day. The notice alleged that "[a]n adult member of your family has engaged in: Fraud, bribery or some other corrupt or criminal act in connection with a federal housing program," and further that "[a] family member has left the unit and you have not reported it in a timely manner." The notice stated:

> [t]he specific violation(s) for which your assistance is being terminated is/are: Mr. Garner added April Garner to his voucher. April Garner is also under another Section 8 voucher for a different housing authority. If April Garner has moved out of the unit Mr. Garner has failed to report her moving out.

14. On January 11, 2010, in accordance with HHA procedures, Garner submitted a Request for Hearing to discuss the matter of his pending termination in an informal administrative hearing. In the notice, Garner reiterated that he never asked for his daughters to be permanently added to his lease, but only sought a larger unit to accommodate them during visits.

15. A hearing was held, attended by Garner and by Stephanie Preston, representing HHA, and presided over by the hearing officer, Luenda Da Silva. Ms. Da Silva recorded her findings and decision in a letter dated March 30, 2010 in which she upheld the termination of Garner's assistance. The letter noted that "[t]he hearing decision is **final**, and there are **no** further appeals through the Housing Authority" (emphasis in original). Garner subsequently filed suit in justice court seeking reinstatement of his voucher. The justice court found in favor of the defendant, HHA, and Garner appealed to this court.

### G. Causes of Action

16. Plaintiff incorporates by reference the factual statements and allegations set forth above in paragraphs 10 – 15 as as if fully set forth in each of the counts below.

## COUNT ONE: WRONGFUL TERMINATION BY DEFENDANT HOUSING AUTHORITY OF PLAINTIFF'S HCVP PROGRAM ASSISTANCE

17. In the "Notice of Termination of Assistance" HHA alleges fraud and the failure to timely report a change in family composition as the basis for termination. HHA, however, fails to establish either of the elements necessary to sustain an allegation of fraud. The elements of fraud in relation to Section 8 program participation are outlined in 24 CFR § 792.103. Specifically, HHA provides no proof that Garner intentionally sought to deceive or mislead HHA either in regards to the change in family composition, or in any other respect; or that any action or failure to act on Garner's part with respect to the change in family composition or any other aspect of his participation in the program resulted in any payment to Garner of program funds in violation of program requirements. Therefore, HHA is barred from relying upon fraud as the basis for terminating Garner's assistance.

18. In her decision upholding Garner's termination, HHA hearing officer, Luenda Da Silva, observes, apparently in reference to April Garner's inclusion on two separate vouchers, issued by two different

5

PHAs, that "[r]eceiving multi-subsidy is impermissible and a violation of family obligations." HHA does not provide any definition for "multi-subsidy" nor does HHA cite any authority addressing "multi-subsidy." In fact, "multi-subsidy" is not treated in any federal regulation dealing with family obligations and thus does not constitute a valid ground for termination on that basis. To the extent that HHA asserts that receipt of a "multi-subsidy" amounts to fraud, HHA has failed to prove the elements of fraud as described above—namely intent to deceive and derivation of a monetary benefit—and is barred from relying on such as a ground for terminating Garner's assistance.

19. HHA cites Garner's failure to remove April from the family composition as a violation of "Participant obligations" and a ground for termination. 24 CFR § 982.551 lists the obligations of program participants. § 982.551(h)(3) states that "[t]he family must promptly notify the PHA if any family member no longer resides in the unit," and while 24 CFR § 982.551(c)(1)(i) does permit termination of program assistance for any violation of participant obligations, the alleged omission is merely a discretionary, rather than a mandatory ground for termination of assistance.

20. Federal regulations and HUD guidance confer broad discretion on PHAs to consider the particular facts and mitigating circumstances of each case, including, among other factors, the seriousness of the offense. *See* 24 CFR § 982.552(c)(2); *Housing Choice Voucher Program Guidebook* (7420.10g), Ch 15 (2001). In the present case, a consideration of the seriousness of the offense renders the matter of Garner's failure to report the absence of April Garner from the household a moot point, and not a matter worthy of termination.

21. Chapter 22 of the HUD *Housing Choice Voucher Program Guidebook* (7420.10g) ("*Guidebook*") provides extensive guidance for PHAs in regards to maintaining program integrity, including the prevention and detection of unintentional "errors" and "omissions" on the one hand , and malicious "fraud" and "abuse" on the other. In chapter 22 of the *Guidebook* HUD counsels that "[i]t is important

6

that PHA staff recognize the differences between unintentional and intentional misreporting." Crucially, HUD specifically characterizes the "[f]ailure to report changes as required, such as a failure to notify the PHA of a change in family composition or income" as an "error" or "omission" and not as "fraud" or "abuse."

22. In her report outlining her decision to uphold Garner's termination, the hearing officer observes that "[t]he number of members in an assisted family is considered in the determination of the level of assistance, including the voucher size." However, HHA fails to demonstrate what impact, if any, April Garner's inclusion or exclusion from the family composition had on determining the proper unit size and/or subsidy to which the family was entitled. Garner did not qualify for, nor did he receive a voucher for a larger unit nor any incremental increase in monetary benefits as a result of April's addition to the family composition. In fact, even after the request to add April to his family composition was granted in October 2008 (at which time daughters Ashley and Alaxis were inadvertantly added to the family composition, although they were subsequently removed) and up until the moment his assistance was terminated in April 2010, Garner continued to reside in the same two-bedroom unit he had called home for no less than four years.

23. Even were it to be demonstrated that Garner did receive excess subsidy, HHA had corrective actions at its disposal short of termination, including requiring Garner to repay any excess subsidy he may have received. In fact, HUD guidance on the matter as presented in chapter 22 of the *Guidebook* suggests that termination should be considered only after a tenant fails to pay back any excess owed to the PHA.

24. In light of the insignificance of the alleged violation, which accrued as the result of a misunderstanding or series of misunderstandings between Garner and the HHA, the lack of any material injury to HHA or gain to Garner, as well as HUD guidance on the matter, Garner's oversight

7

in failing to remove April from his family composition cannot be regarded as a valid ground for termination of his program assistance.

25. In light of the above, Garner cannot be found to have committed a violation of program rules or requirements that would subject him to termination of his assistance. His termination was thus wrongful and his assistance should be restored.

### COUNT TWO: DENIAL OF PROCEDURAL DUE PROCESS: FAILURE TO ISSUE A DECSION BASED ON THE NOTICE GIVEN

26. The governing regulations require that PHAs give notice that contains "a brief statement of the reasons for the decision" proposing to terminate voucher assistance. *See* 24 CFR § 982.555(c)(2)(i) (2012). In addition, due process requires effective notice and a fair pre-termination hearing. Defendant HHA violated the regulations and the Fourteenth Amendment of the United States Constitution by failing to provide written pre-termination notice that was sufficiently factually specific to put the plaintiff on notice of the actual basis for the proposed termination or to allow him to prepare an adequate defense against the allegations.

27. To ensure that participants are able to prepare an adequate defense to the allegations leveled against them in a proceeding to terminate their assistance, any decision to terminate a program participant's assistance must be based on reasons given in the Notice of Termination of Assistance. In her report upholding Garner's termination, the hearing officer introduces new grounds for termination that were not previously raised in the Notice, namely Garner's failure to provide school records for April as requested by HHA, and "[r]eceiving multi-subsidy." No facts or authorities are cited in support of either of the new allegations. Nor does the officer explicitly sustain or disprove the new allegations, nor make it clear what bearing the new allegations had on the decision to uphold the termination. Thus, it cannot be conclusively shown that the hearing officer's decision was based on the

8

notice given. As such the decision to uphold Garner's termination of assistance stands in violation of the regulations and the Fourteenth Amendment of the United States Constitution and cannot be sustained.

### COUNT THREE: DENIAL OF PROCEDURAL DUE PROCESS: HEARING OFFICER'S DECISION FAILS TO OFFER ADEQUATE EXPLANATION OR ANALYSIS

28. In regards to the hearing officer's decision pertaining to a pre-termination hearing, HUD emphasizes that "[t]he statement of decision . . . must be truly informative as to the reasons for the decision. This would include a short statement of the elements of fact or law on which the decision is actually based." 49 Fed. Reg. 12215, 12230 (March 29, 1984) (comment on final rule).

29. In her report of March 30, 2012, upholding the decision to terminate Garner's assistance, the hearing officer lists as the reasons for termination both fraud and the failure to report that "[a] family member has left the household." The hearing officer, however, fails to either sustain or disprove the allegations of fraud leveled against Garner in the Notice of Termination.

30. With respect to the allegation that Garner failed to notify HHA of changes to the family composition, the report notes that Garner failed to remove April "timely" from the family composition after she decided to stay with her mother. The hearing officer, however, never offers an explanation of what constitutes "timely" notification or how Garner's failure to timely notify HHA of April's absence amounted to an abuse of the program or caused injury to HHA.

31. In her Summary of Findings, the hearing officer also introduces new grounds for termination that were not previously raised in the Notice, namely Garner's failure to provide school records for April as requested by HHA, and "[r]eceiving multi-subsidy." No facts or authorities are cited in support of either of the new allegations.

32. Thus, while the report enumerates a number of possible grounds for termination, the hearing officer fails to state explicitly the actual ground or grounds upon which the decision to uphold the termination is based, stating only that the decision to uphold the termination "was supported by a preponderance of the evidence, and it was made in accordance with the law, with HUD regulations (24 CFR 982.551 and 24 CFR 982.552), and with Housing Authority policies." A conclusory statement such as this is not sufficient to meet the due process requirement that the statement of decision be truly informative. As such, the decision to uphold Garner's termination of assistance stands in violation of the regulations and the Fourteenth Amendment of the United States Constitution and cannot be sustained.

## COUNT FOUR: FAILURE TO EXERCISE DISCRETION OR TO CONSIDER MITIGATING CIRCUMSTANCES DURING THE PRE-TERMINATION HEARING

33. Federal regulations permit and HUD guidance directs PHAs to consider the particular facts and mitigating circumstances of each case when making a determination whether to terminate assistance. In rendering the decision to uphold Garner's termination, the hearing officer failed to indicate whether or not she had exercised discretion, or indeed whether she was even aware of her leeway to exercise discretion; offers no opinion regarding pertinent testimony to mitigating circumstances offered by Garner; and fails to articulate clearly which facts were or were not considered in upholding the termination. As such, the decision to uphold Garner's termination of assistance stands in violation of the regulations and the Fourteenth Amendment of the United States Constitution and cannot be sustained.

### H. Request for Relief

34. Plaintiff requests that this Court:

(1) Find that Defendant Housing Authority violated Plaintiff's rights under federal law and federal regulations by its actions in terminating Plaintiff's housing assistance subsidy;

(2) Find that Defendant Housing Authority violated Plaintiff's procedural due process rights by its actions in terminating Plaintiff's housing assistance subsidy;

(3) Grant a permanent injunction ordering Defendant Housing Authority to immediately reinstate Plaintiff's Section 8 voucher and enjoining Defendant Housing Authority and its officers, agents, servants, employees, and successors from acting to limit or terminate Plaintiff's participation in the Section 8 Program;

(4) Award Plaintiff court costs as against the Defendant;

(5) Reinstate Plaintiff's Section 8 voucher; and

(6) Grant such other relief as the Court deems just and equitable.

Respectfully submitted,

Cathedral Justice Project

Robert H. Thurmond III
Texas Bar No. 20014000
Managing Attorney
PO Box 53958
Houston, TX 77052
Tel. 713-220-9784
Fax 281-764-7070
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served pursuant to the Texas Rules of Civil Procedure on November 27, 2012, on the following:

Ajay Choudhary
Houston Housing Authority
Attorney for Defendant
2640 Fountain View Drive
Suite 409
Houston, Texas 77057

*Robert H. Thurmond*

Robert H. Thurmond III
Texas Bar No. 20014000
Managing Attorney
PO Box 53958
Houston, TX 77052
Tel. 713-220-9784
Fax 281-764-7070
Attorney for Plaintiff

Docket Number: 1019309

| | | |
|---|---|---|
| DARRELL GARNER, | § | IN THE COUNTY CIVIL COURT |
| Plaintiff | § § | |
| v. | § | AT LAW NO. FOUR (4) |
| HOUSTON HOUSING AUTHORITY, | § § § | |
| Defendant | § § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Houston Housing Authority ("Defendant") files Defendant's First Amended Answer, showing the following:

### I. General Denial

1. Defendant pleads a general denial and requests that Plaintiff be required to prove Plaintiff's allegations by a preponderance of the evidence.

### II. Affirmative Defense

2. Defendant pleads the affirmative defense of governmental immunity.

3. Plaintiff failed to mitigate his damages.

4. Plaintiff's claims are barred by the applicable statute of limitations.

### III. Prayer

5. Defendant requests that the Court order that Plaintiff take nothing in this suit, dismiss all of Plaintiff's claims with prejudice, award

Defendant costs, and grant Defendant all other relief to which

Defendant may be entitled.

>             Respectfully submitted,
>
>             /s/ Ajay Choudhary
>             Ajay Choudhary
>             State Bar No. 90001623
>             Houston Housing Authority
>             2640 Fountain View Drive
>             Suite 409
>             Houston, Texas 77057
>             Phone: (713) 260-0524
>             Fax: (713) 260-0808
>             achoudhary@housingforhouston.com
>
>             ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true, complete, and correct copy of Defendant's First Amended Answer was served via fax on December 7, 2012 on the following:

>             Robert H. Thurmond III
>             Managing Attorney
>             Cathedral Justice Project
>             P.O. Box 53958
>             Houston, Texas 77052
>             Fax: (281) 764-7070
>
>
>             /s/ Ajay Choudhary
>             Ajay Choudhary

# Small Claims Petition

Case Number: SC72C00 __27699__

Plaintiff: __Darrell Garner__

Vs

Defendant: __Houston Housing Authority__

§ In the Small Claims Court of
§ Judge Zinetta A. Burney
§ Precinct 7, Place 2
§ Harris County, Texas

THE STATE OF TEXAS
COUNTY OF HARRIS

**Plaintiff:** Darrell Garner
Address: 3938 Faulkner   Apt/Suite #: ___
City: Houston   State: TX   Zip: 77021
Mailing Address: ___   Apt/Suite #: ___
City: ___   State: ___   Zip: ___
Home Phone Number: (713) 440-9732   Work Phone Number: (832) 538-7186

by duly sworn, on oath, deposes and says that:

**Defendant:** Houston Housing Authority / by serving: Tory Gunsolley 2640 Fountain View Houston Tx 77057
Address: 2640 Fountain View Dr / Suite 400   Apt/Suite #: 400
City: Houston   State: TX   Zip: 77057
Home Phone Number: ( ) -   Work Phone Number: (713) 260-0800
Driver License Number: ___   State: ___   Date of Birth: ___
Other: ___

is justly indebted to Plaintiff in the amount of $ 10,000 for: *(describe the nature of the claim, including all pertinent dates; attach additional page(s) if necessary.)* Wrongfully terminating my Section 8 Housing Voucher as of 4/10 - 4/12 want to be reinstated and reinburst for rent

and there are no counterclaims existing in favor of the Defendant and against the Plaintiff, except: *(describe and claims the Defendant is making against the Plaintiff.)* ___

Respectfully Submitted,

Plaintiff: Darrell Garner

SWORN TO AND SUBSCRIBED BEFORE ME on: 30 March 2012

Clerk of the Court                Justice of the Peace, Precinct 7, Place 2

*Service of Process: No judgment may be rendered against a defendant unless the defendant has been properly served with process. Defendants may be natural persons, individuals, or persons doing business in the form of sole proprietorship, or partnerships, or corporations. Any individual doing business under an assumed name, or any business operating in the form of a partnership or corporation, may sue or be sued in the business name, but service of process must be properly accomplished. Service of process directed to individuals is affected be delivery directly to the person. Service of process on business entities is more difficult and must be accomplished by service on an agent or person authorized to accept service. For example, if a defendant is a partnership, the citation may be directed to one member of the partnership, and service effected on that one member authorizes a judgment against the partnership and the partner actually served. If the defendant is a corporation, citation may be served by serving the corporation's president or any vice-president, or the corporation's registered agent. If the corporation's registered agent cannot be found at the corporation's registered office, then service of process may be made on the Secretary of State. To determine the exact legal nature of a business entity, the Plaintiff may look at the Assumed Name Records maintained by the Harris County Clerks Office, or contact the Corporation Division of the Office of the Secretary of State, or the Office of the State Comptroller*

I Darrell was wrongfully terminated from the Section 8 Housing Vaulcher Program by the Houston Housing Authority and would like to be reinstated and also reimbursed for rent in the amount of 10,000—

(Sign your name above)

Case Number: SC72C0027688

| | | |
|---|---|---|
| DARRELL GARNER, | § § | IN THE JUSTICE COURT OF |
| Plaintiff | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| HOUSTON HOUSING AUTHORITY, | § § | |
| Defendant | § § | PRECINCT 7, PLACE 2 |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Houston Housing Authority ("Defendant") files Defendant's Original Answer, showing the following:

### I. General Denial

1. Defendant pleads a general denial and requests that Plaintiff be required to prove Plaintiff's allegations by a preponderance of the evidence.

### II. Affirmative Defense

2. Defendant pleads the affirmative defense of governmental immunity.

### III. Prayer

3. Defendant requests that the Court order that Plaintiff take nothing in this suit, dismiss all of Plaintiff's claims with prejudice, award Defendant costs, and grant Defendant all other relief to which Defendant may be entitled.

Respectfully submitted,

*Ajay Choudhary*
Ajay Choudhary
State Bar No. 90001623
Houston Housing Authority
2640 Fountain View Drive
Suite 409
Houston, Texas 77057
Phone: (713) 260-0524
Fax: (713) 260-0808
achoudhary@housingforhouston.com

ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true, complete, and correct copy of Defendant's Original Answer was served via certified mail on April 19, 2012 on the following:

Darrell Garner
3938 Faulkner
Houston, Texas 77021

*Ajay Choudhary*
Ajay Choudhary